

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00301-CV

**IN RE ELIZABETH KOZAK, AS ATTORNEY
IN FACT FOR PHOEBE OSBORNE REYNOLDS**

ORIGINAL PROCEEDING

September 20, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the court is the petition for writ of mandamus filed by Elizabeth Kozak, as attorney in fact for her mother, Phoebe Osborne Reynolds. She seeks to "set aside" an order of the Honorable Phil Vanderpool, 223rd District Court, directing Reynolds to appear for deposition via Zoom. Through its August 10, 2023 order, the trial court also mandated the "deposition to be scheduled on or before August 31, 2023." Kozak did not petition this court for relief until August 31, 2023. We deny the petition.

The order in question arose from a motion to compel, filed by Patricia Noel Kennedy, executor of the Wiley Reynolds, Sr. testamentary estate. Kozak, on behalf of

Reynolds, had sued Kennedy. The allegations included mismanagement of the testamentary estate, while the relief sought included Kennedy's removal as executor. Kennedy noticed Reynolds's deposition, which Reynolds failed to attend. That resulted in the motion to compel. Kozak responded to the motion and alleged that Reynolds, an 89-year-old woman, was too sickly and frail to undergo questioning. Aspects of the record provided to the trial court supported that notion. Kennedy, however, provided the trial court with excerpts of Kozak's own deposition. During same, Kozak was asked about Reynolds's "mental health," to which question Kozak answered "she's doing well." Kozak also attested that her mother could "communicate" and do so "by phone." Yet, she fatigued easily at her age. And, though the octogenarian had suffered various recent maladies, she remained able to play the piano on a daily basis.

Simply put, the trial court had before it conflicting evidence regarding the health of Reynolds and its effect on her ability to undergo deposition. Kozak said her mother was too sickly, while Kennedy's evidence indicated otherwise. As said in *In re E.S.*, No. 07-19-00323-CV, 2019 Tex. App. LEXIS 11228, at *5 (Tex. App.—Amarillo Dec. 30, 2019, orig. proceeding) (mem. op.), "[w]e are prohibited from dealing with disputed areas of fact in an original mandamus proceeding." Such a disputed area of fact underlies the trial court's decision to compel deposition, that being the status of Reynolds's health. Thus, we deny Kozak's petition for writ of mandamus.


Brian Quinn
Chief Justice


2